United States District Court
Middle District of Florida
Jacksonville Division

**JAMES FISHER,**

      *Plaintiff,*

v.                                                  **NO. 3:21-CV-1123-MMH-PDB**

**ASSISTANT RANDOLPH MCKINNIE,**

      *Defendant.*

---

## Report & Recommendation

James Fisher, proceeding without a lawyer, has filed a handwritten complaint, Doc. 1, a motion to proceed in forma pauperis, Doc. 2, and two motions for warrants, Docs. 3, 4.[1]

Mr. Fisher sues the "State of Florida c/o State Attorney M. Nelson & Assistant Randolph McKinnie." Doc. 1 at 1–3. He alleges that he was arrested and charged with misdemeanor domestic battery after his husband suffered "a violent reaction to a drug overdose"; the charge prevents him from visiting his husband in the hospital; and he contacted "the prosecution's office, the judge, and the defense attorney" to inform them that he and his "roommate" "want all charges dropped," but the prosecutor has disregarded their wishes. Doc. 1. He contends that the failure to drop the charge or charges is a "direct violation"

---

[1]Mr. Fisher has initiated no fewer than 102 actions in this Court since 1997. Of his 101 other complaints and petitions, one was transferred to another court and the remainder were dismissed for reasons ranging from lack of subject matter jurisdiction and failure to state a claim to frivolousness.

of his Eighth Amendment rights and that the prosecutor waived immunity by acting outside of professional guidelines. Doc. 1 at 2, 4. He requests a jury trial and "an order mandating defendants to drop all charges." Doc. 1 at 3.

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In *Younger v. Harris*, the United States Supreme Court explained a rule of abstention:

> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

401 U.S. 37, 45 (1971). A dismissal based on *Younger* abstention is without prejudice. *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008).

Even construing Mr. Fisher's pleading liberally to account for his pro se status, dismissal without prejudice based on *Younger* abstention is warranted. He describes no extraordinary circumstance, and nothing suggests his rights will not be adequately protected in state court.

2

Thus, the undersigned recommends **dismissing** the case without prejudice and **directing** the Clerk of Court to terminate all pending motions and close the case.[2]

**Entered** in Jacksonville, Florida, on December 23, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    James Fisher
      P.O. Box 1942
      Jacksonville, FL 32201

---

[2]"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.